[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10857

Non-Argument Calendar

_____

DAMMUON EPPS,

Plaintiff-Appellant,

*versus*

COMMISSIONER, ALABAMA DEPARTMENT
OF HUMAN RESOURCES,
as an officer within the Alabama Children's
Policy Council,
ZACHARY COLLINS,
in his official capacity as Chairman of the
Russell County Children's Policy Council
for the State of Alabama and Russell County,
BARBARA COOPER,
in her official capacity, Secretary of the

2                    Opinion of the Court                    22-10857

Department of Early Childhood Education
for the State ofAlabama and as Chairman
of the Alabama Childrens Policy Council,
GOVERNOR OF THE STATE OF ALABAMA,
Chairman of the State Board of Human
Resources, and as an officer within the Alabama
Children's Policy Council,,
ALLISON BRYARS,
in his official capacity as Director of the Russell
County Department of Human Resources
and as member of the Alabama Children's
Policy Council,
TOM PARKER,
in his official capacity as Administrative
Head of the Alabama Judicial System and in his
capacity as Vice-Chairman of the Alabama
Children's Policy Council,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:19-cv-00345-WKW-SMD

_____

22-10857                Opinion of the Court                3

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

This appeal stems from a 42 U.S.C. § 1983 civil action filed by Dammuon Epps against several Alabama government officials. The appeal is from the district court's dismissal of Epps's post-judgment motions under Fed. R. Civ. P. 52 and 60(b). Epps is proceeding *pro se* on appeal.[*]  No reversible error has been shown; we affirm.

In 2019, Epps filed *pro se* this civil action and applied for leave to proceed *in forma pauperis*. Briefly stated, Epps sought to challenge as unconstitutional certain Alabama statutes and procedures governing the removal of children from a parent's custody.

A magistrate judge reviewed *sua sponte* Epps's complaint pursuant to 28 U.S.C. § 1915(e). The magistrate judge determined that Epps's complaint constituted an impermissible "shotgun pleading" and instructed Epps to amend his complaint.

Epps filed an amended complaint against these defendants (in their official capacities): the Governor of Alabama, the Commissioner of the Alabama Department of Human Resources, the Secretary of the Department of Early Childhood Education, the Administrative Head of the Alabama Judicial System, the Chairman

---

[*] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We also construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

of the Russell County Children's Policy Council, and the Director of the Russell County Department of Human Resources. Each defendant moved to dismiss the amended complaint on various grounds, including for failure to comply with federal pleading standards under Fed. R. Civ. P. 12(b)(6).

A magistrate judge prepared a report and recommendation ("R&R"). The magistrate judge recommended that the district court dismiss Epps's amended complaint as a "textbook shotgun pleading" that failed to comply with federal pleading standards. The magistrate judge recommended further that the complaint be dismissed without an additional opportunity to amend given Epps's failure -- despite the magistrate judge's detailed instructions -- to correct the deficiencies identified in Epps's original complaint.

Epps filed objections to the R&R: Epps objected only to the portion of the R&R that recommended that he be denied a second opportunity to amend. In an order dated 3 January 2022, the district court overruled Epps's objection, adopted the R&R, granted the defendants' motions to dismiss, and dismissed with prejudice Epps's amended complaint.

Epps then filed two post-judgment motions: (1) a motion under Fed. R. Civ. P. 60(b) for relief from judgment, and (2) a motion under Fed. R. Civ. P. 52 for the court to "submit findings of facts and conclusions of law with regard to the constitutionality of the application of" the challenged statutes. The district court denied both motions on 24 February 2022. This appeal followed.

Earlier in these appellate proceedings, we dismissed in part -- for lack of jurisdiction -- Epps's appeal to the extent Epps seeks to challenge the district court's 3 January 2022 final order of dismissal. We retain jurisdiction only to review the district court's 24 February 2022 order denying Epps's post-judgment motions.

Construing liberally Epps's *pro se* initial appellate brief, we see no substantive arguments challenging the denial of Epps's post-judgment motions. Epps has thus abandoned the argument that the district court erred in denying those motions. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citation omitted)). Nor will we consider arguments about the post-judgment motions raised for the first time in Epps's reply brief. *See Timson*, 518 F.3d at 874 ("[W]e do not address arguments raised for the first time in a *pro se* litigant's reply brief.").

Even if Epps had not abandoned arguments on appeal, we could not conclude that the district court abused its discretion in denying Epps's post-judgment motions. Rule 52 is inapplicable to the district court's dismissal order in this case. *See* Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 . . ..").

Epps has also demonstrated no justification that would compel Rule 60(b) relief. *See Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (explaining that a party appealing the denial of a Rule 60(b) motion "must demonstrate a justification for relief so compelling that the district court was required to grant the motion" (brackets omitted)). Epps's Rule 60(b) motion relied chiefly on arguments that Epps could have -- but failed to -- raise in his objections to the R&R. *See id.* at 1294 ("It is not an abuse of discretion for the district court to deny a motion under Rule 60(b) when that motion is premised upon an argument that the movant could have, but did not, advance before the district court entered judgment.").

The district court also acted within its discretion by dismissing Epps's complaint without allowing Epps another chance to amend his complaint. We have said that a *pro se* plaintiff must generally be given "one chance to amend the complaint before the district court dismisses the action with prejudice." *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*) (holding that the rule in *Bank* does not apply to counseled plaintiffs).

AFFIRMED.